THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Case No. 1:23-cv-1860

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

EXPO MOVERS NYC CORP.,

    Defendant.

_____

## COMPLAINT

Plaintiff Christopher Sadowski ("Plaintiff") sues defendant Expo Movers NYC Corp. ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is an individual who is a citizen of the State of New Jersey residing in the State of New Jersey.

2.    Defendant is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 59-16 Broadway, Flushing, NY 11377. Defendant serves as its own agent for service of process at 3214 54th Street, Second Floor, Woodside, NY 11377.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with the State of New York such that the exercise of personal

jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." <u>Cavu Releasing, LLC. v. Fries</u>, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." <u>Noble v. Crazetees.com</u>, 2015 U.S. Dist. LEXIS 130508, at \*9 (S.D.N.Y. July 16, 2015).

<u>**FACTS**</u>

I.     **Plaintiff's Business and History**

6.     Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the *New York Post, Daily Mail Online, Reader's Digest, USA Today, New York Times*, Fox News, CBS News, NBC News, *Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine*, and *People Magazine*.

7.     For the past nineteen (19) years, Plaintiff has been self-employed as a high-end photographer who specializes in photo-documenting ordinary life and the human condition.

8.     Plaintiff travels throughout the New York, New Jersey and Connecticut tri-state area taking photographs that tell a story about tragedy, hope, calamity, joy, discord and renewal.

9.     Using state-of-the-art equipment, Plaintiff creates high-end photography licensed by some of the top publishers in this Country. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

10.    Plaintiff maintains a commercial website (http://www.csnyphoto.com) which

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11.    Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that his customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.    The Work at Issue in this Lawsuit

12.    In    2019,    Plaintiff    created    a    professional    photograph    titled "062219garbagetruck5CS" (the "<u>Work</u>") which depicts a garbage truck in New York City. A copy of the Work is exhibited below:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

13.     The Work was registered by Plaintiff with the Register of Copyrights on December 31, 2019 and was assigned Registration No. VA 2-190-524. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.    Defendant's Unlawful Activities

15.     Defendant is a full-service, fully licensed and insured specialty moving company. Defendant services the greater NYC area, including all local boroughs.

16.     Defendant advertises/markets its business primarily through its website (https://expomovers.com/), social media (e.g., https://www.facebook.com/ExpoMoversNYC/?fref=ts), and other forms of advertising.

17.     In May 2022 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website (at https://expomovers.com/how-to-get-rid-of-furniture-in-new-york-city/):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

18.    A true and correct copy of a screenshot of Defendant's website displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19.    Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, and/or social media or for any other purpose.

20.    Defendant utilized the Work for commercial use – namely, in connection with the marketing and advertising of its business.

21.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22.    Through his ongoing diligent efforts to identify unauthorized use of his photograph, Plaintiff discovered Defendant's unauthorized use/display of the Work in November 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of his Work.

23.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24.    Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25.    The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26.    Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

27.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

28.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

29.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

30.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright 2023 Expo Movers. All Rights Reserved"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website,

6

Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….”). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

31.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32.    Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

33.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

35.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

$150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated:  March 10, 2023.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
        Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228